**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 4:01-787-2 |
| | ) | |
| vs. | ) | |
| | ) | |
| Steven Jeffrey Mullen, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On October 19, 2004, the defendant filed a motion styled as a writ of mandamus, Rule 60(b), and Blakely v. Washington motion.  On May 24, 2005, the government opposed the motion and asserted that said motion should be construed as a § 2255 motion.  On June 6, 2005, the defendant replied to the government's response.  On July 6, 2005, this Court entered an order advising the defendant of its intention to recharacterize his motion as one pursuant to § 2255.  On July 22, 2005, the defendant responded and requested that his motion be recharacterized as a § 2241 motion.  On July 29, 2005, the defendant filed a motion for an extension of time in which to file a direct appeal.  This matter is now before the Court for disposition.

On December 18, 2001, the defendant entered into a plea agreement to plead guilty to conspiracy to possess with intent to distribute cocaine base.  On August 22, 2003, this Court sentenced the defendant to a term of 262 months imprisonment.  On September 2, 2003, the Court entered its judgment.  The defendant did not appeal.

In his motion, the defendant challenges his conviction and sentence on several grounds. The government asserts that this motion must be construed by this Court as a motion pursuant to 28 U.S.C. § 2255.  The Court agreed and advised the defendant of its intention to recharacterize

the motion as such.  <u>See</u> <u>United States v. Emmanuel</u>, 288 F.3d 644, 649 (4th Cir. 2002).

In response, the defendant proposes that the Court construe his motion as one pursuant to § 2241.  The defendant, however, is challenging his conviction and sentence, for which § 2255 is the appropriate avenue.  Challenges to the way in which a sentence is being carried out, on the other hand, are properly brought under § 2241.  The defendant, therefore, cannot proceed pursuant to § 2241.

In addition, the defendant cannot invoke Rule 60(b) of the Federal Rules of Civil Procedure in this criminal action.  Consequently, the defendant is not entitled to relief under Rule 60(b).

In his motion, the defendant also alleges that his sentence violates the principles set forth in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  Recently, the United States Supreme Court reaffirmed these principles.  <u>See</u> <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).  The Supreme Court, however, clearly stated that its holding in <u>Booker</u> must be applied "to all cases on direct review."  <u>Id.</u> at 25.

Subsequent to the decision in <u>Booker</u>, the Seventh Circuit ruled that <u>Booker</u> does not apply retroactively to criminal cases that became final before its release on January 12, 2005. <u>See</u> <u>McReynolds v. United States</u>, 397 F.3d 479 (7th Cir. 2005).  Here, the defendant's case has run its course and his conviction and sentence became final in 2003, well before <u>Booker</u> was issued, and its approach therefore does not apply here.

Finally, the defendant has filed a motion for an extension of time in which to file a notice of appeal.  Under Rule 4(b)(1)(A)(i), a criminal defendant's notice of appeal must be filed in the district court within 10 days of the entry of judgment.  F. R. App. P. 4(b)(1)(A)(i).  Upon a

2

finding of excusable neglect or good cause, the district court may extend the time to file a notice of appeal, but such extension must not exceed 30 days from the expiration of the time prescribed by Rule 4(b).  F. R. App. P. 4 (b)(4).  In this case, the defendant filed this motion nearly 2 years after his conviction became final.  This Court, therefore, cannot grant the relief sought.

The Court also notes that it appears that the defendant has missed his opportunity to file a § 2255 motion.  The defendant is directed to take notice of the § 2255 restrictions on second or successive motions as well as the one-year period of limitations for filing a § 2255 motion.  See id.

28 U.S.C. § 2255 provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

**(1)** the date on which the judgment of conviction becomes final;

**(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

**(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --

**(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by

3

clear and convincing evidence that no reasonable factfinder would
have found the movant guilty of the offense; or

**(2)** a new rule of constitutional law, made retroactive to cases on
collateral review by the Supreme Court, that was previously
unavailable.

28 U.S.C. § 2255.

The Court hereby denies defendant's motions.

**AND IT IS SO ORDERED**.

_____

**C. WESTON HOUCK**

**UNITED STATES DISTRICT JUDGE**

August 8, 2005
Charleston, South Carolina

4