# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| United States of America,         ) | |
|                                           Plaintiff,         ) | Criminal No. 4:01-787-CWH |
| vs.                                          ) | |
| Steven Jeffrey Mullen,            ) | **ORDER** |
|                                           Defendant.     ) | |
| _____ ) | |

On December 18, 2001, the defendant entered into a plea agreement to plead guilty to conspiracy to possess with intent to distribute cocaine base. On August 22, 2003, this Court sentenced the defendant to a term of 262 months imprisonment. On September 2, 2003, the Court entered its judgment. The defendant did not appeal.

On October 19, 2004, the defendant filed a motion styled as a writ of mandamus, Rule 60(b), and Blakely v. Washington motion. The defendant claimed his guilty plea and sentence were void because they violated the Sixth Amendment. On May 24, 2005, the government opposed the motion and asserted that said motion should be construed as a § 2255 motion. On July 6, 2005, this Court entered an order advising the defendant of its intention to recharacterize his motion as one pursuant to § 2255. On July 22, 2005, the defendant responded and requested that his motion be recharacterized as a § 2241 motion. Because the defendant did not acquiesce to the motion being recharacterized as one under § 2255, the Court treated it as filed. *See* United States v. Emmanuel, 288 F.3d 644, 649-650 (4th Cir. 2002). On August 8, 2005, the Court denied the defendant's pending motions.

On August 25, 2005, the defendant filed a motion to amend the Court's August 8, 2005, order. On January 19, 2006, the defendant filed a "placeholder motion" alleging that the Court

has jurisdiction over his claims pursuant to 28 U.S.C. § 1331. On February 2, 2006, the defendant filed a motion for a writ of habeas corpus and request for a subpoena. On February 8, 2006, the defendant filed a motion labeled "pleadings in traverse."

The defendant contends that his guilty plea and sentence violate the Sixth Amendment pursuant to United States v. Booker, 125 S. Ct. 738 (2005). The proper action to challenge a federal conviction and sentence is an action under 28 U.S.C. § 2255. However, because the defendant does not agree or acquiesce to the recharacterization of his motion to one under § 2255, the Court must treat it as filed. Emmanuel, 288 F.3d at 649-650.

The defendant contends the Court has jurisdiction to amend his criminal judgment under 28 U.S.C. § 1331. However, § 1331 only applies to civil actions and does not confer jurisdiction on the Court to amend a criminal judgment. Consequently, the defendant's motion to amend and motion for a writ of habeas corpus are denied. All other pending motions are hereby rendered moot.

**AND IT IS SO ORDERED**.

May 24, 2006          **C. WESTON HOUCK**
Charleston, South Carolina      **UNITED STATES DISTRICT JUDGE**